May it please the Court, my name is Roger Bernhardt, appearing on behalf of Appellant. The issue before this Court is how to predict what the California Supreme Court would say as to the statutory phrase mortgagee or other encumbrancer. Counsel, in view of the fact that we now have an Intermediate Court of Appeals that has answered the question precisely and contrary to your argument, under our case law isn't the real question now whether we're convinced that the Supreme Court would disagree. In other words, our case law suggests that we're bound by what Intermediate Courts of Appeals do unless it's demonstrable that the State Supreme Court would overrule or disagree with that. So seen in that light, what evidence do we have in this case that the California Supreme Court would disagree with the Calvo decision? I think, Your Honor, it is demonstrable. That's what I will undertake to persuade this Court of the fact that the California Supreme Court would absolutely disagree with the Intermediate Courts' decision in Calvo. What about the fact that they just had the opportunity to do that about five minutes ago and didn't do it? That the high court has ---- I understand that it's not dispositive of anything, but it's certainly somewhat indicative that they're not jumping up and down to disagree. I don't know why more judges did not vote to grant a hearing. What I do know is that all of the ---- Did anybody vote to grant a hearing? I'm sorry? Did anybody vote to grant a hearing? I guess the acoustics are bad. Did anyone vote to grant a hearing? I don't know the vote, Your Honor. Well, it usually says in the California Supreme Court. I'm not aware of having read that. Hearing denied is what I was told. The California Supreme Court precedents themselves. The one precedent that matters is categorically the other way, that is, Bank of Italy v. Bentley. The Supreme Court, when it decided that case in 1933, overturned 75 years of decisions that had been saying a deed of trust is different from a mortgage because it has different wording, and decided that even though our California's one-action rule, Code of Civil Procedure 726, used the word mortgage, it meant deed of trust. And with that decision, it turned California law around, changed the concentration on the labels, and instead looked at the function. As the court said in Bank of Italy, important rights and duties of the parties should not be made to depend on the more or less accidental form of the security. It has never been. It seems to me that you have some very good arguments, but as Judge Graber suggested, they were rejected by a court of appeals just recently and were not at the State courts. Until the Supreme Court decided Bank of Italy, there were countless authorities, good authorities, the other way. It was much easier for courts to say a deed of trust is not a mortgage because it has different labels on it. When the Supreme Court decided Bank of Italy, from which it has never wavered, it set a new test, economic function. If the instrument functions as a mortgage, it is to be subject to mortgage principles. Calvo explains why that argument in that court's view is not persuasive. I guess I just have difficulty seeing how we could explain ourselves if we were to agree with you when there is not a single California court of appeal case that takes your view and there is a recent one that completely disagrees with your view, regardless of who is in some theoretical sense correct, our only job here is to follow State law as the State court declares it. And the State law on that issue, Your Honor, I believe has been declared by the California Supreme Court and consciously predicted by one Federal court, the Bankruptcy Court of the Southern District, which I believe is the only court that has done anything other than say a deed of trust is not a mortgage. And since the statute refers only to the word mortgage or other encumbrance, therefore it's not a deed of trust. But Judge Mann in Inri Salazar and Inri Cruz has asked herself the precise question you're asking of me, would the California Supreme Court take that same position when the case went to it? We would, of course, first suggest that you certify the question to that court. But if you are called upon to predict what the California Supreme Court would hold, I think you have to look at what the California Supreme Court has said, which is what it said in Bank of Italy v. Bentley and then reaffirmed in Monterey SP Partnership v. Bingham. Counsel, you may or may not be familiar with, we have sort of a mixed history in certifying questions to the California Supreme Court. They don't always agree to accept our certified questions. And in light of what they just did in Calvo, where we're essentially asking them the same question that they had the opportunity to answer in Calvo, why should we presume that just because we're the ones who are asking that this time they'll agree to review? Well, that's why, Your Honor, I'm also attempting to enlighten this Court as to what prediction it could make. But I think if you put to yourselves the question, what would the California Supreme Court say based on what it has said? Counsel, you're not answering my question. It was a pretty simple question. I mean, why should we think that if we certify it, literally only weeks after they denied review of Calvo, that we'll stand any better chance of getting the question reviewed than the district court? Oh, I'm sorry, Mr. Understood, Your Honor. No, I can't guarantee that they would then decide it because you asked them instead. And that's why I'm standing here saying I think you can predict on the assumption that you will not get an answer from them. But your prediction has to be based on Bank of Italy v. Bentley and its repetition in Monterey S.P. Partnership v. Bangham, two cases where the California Supreme Court has said it doesn't matter that a document is labeled deed of trust, it's subject to mortgage law. I gather that, although this is not an area that I'm that acquainted with, that your distinction does matter and, therefore, they should not be amalgamated. And that, as I understand it, is because the problem that's being addressed is a gap in the title and that that doesn't exist in a deed of trust just because of the way it's structured. What about that? I would like to begin talking about that by noting that there are perhaps two dozen statutes in this area of the Civil Code dealing with mortgages. And every one of those statutes, which uses the word mortgage, California court of appeals has said includes deed of trust. Isn't there a parallel statute, though, as to this issue that deals with deed of trust? There is no. There is another statute dealing with substitution of trustee.  It is not parallel and does not serve the same purpose. And what's parallel in that it addresses what's supposed to happen before a sale? Well, together, the two — if you — if this Court predicted that the California Supreme Court would not require the recordation of the assignment of the beneficial interest in a deed of trust, the fact that a substitution of trustee is a recorded document would not eliminate worries about a gap in the chain. A chain requires not only certainty as to who the nominal trustee is, but who is the power — the party who controls the trustee. If I were acquiring title at a foreclosure sale, I would want to see a recorded chain of beneficiaries because that is the person who represents the creditor. The legislature — if I were the legislature and wanting a chain, I would require both a chain of trustees and a chain of beneficiaries. And if I only had one chain to demand, it would be the chain of beneficiaries. The beneficiary is the party who exercises the power of sale by telling the trustee to do so. The beneficiary is the party you negotiate with if you want to postpone the exercise of the power of sale. The beneficiary substitutes the trustee in and out. The trustee doesn't substitute the beneficiary. And if a trustee is told by a beneficiary, postpone the sale or go ahead with the sale, and the trustee wanted to be certain, the trustee would need to see a chain of beneficiaries. But if that were the case, then why would a title company issue a policy of title insurance without this chain of beneficiaries? A title company issues a litigation guarantee that the parties who were to be served have all been served, were properly served in — or noticed. And, Your Honor, I can't — the title companies, I think, are fearful that this requirement will now require them to start undertaking additional steps. But the legislature has required since 1872 that there be a recordation requirement. I guess the question I'm really asking is a commercial reasonableness question. And that is that if the state of the law is as you urge us to declare it to be, then I guess we would have to conclude that in their underwriting, title companies must take that charge for the title insurance that they issue. Because they don't have that information now, right? The title companies remain uncertain about many aspects of secondary market transfers. They don't see the note, necessarily. They don't know that it was properly endorsed. They don't know whether the allonge is properly attached to it. So here we — this — they need — they should have a chain of notes. They should have a chain of trustee transfers and substitutions. And they should have a chain of assignments of the beneficial interest. Kagan. What is the practical significance of this? I gather what you're saying is that the practical significance is that if the transfer of beneficiaries isn't recorded, then the person trying to negotiate about a potential foreclosure doesn't know who to talk to. Is that basically the problem? Well, Your Honor, I'm reluctant to ask this Court to decide the policy behind a legislative requirement. But I would say the practical significance is both a good chain of record, the argument that you have already discussed with me, and making it possible for the trustor to be certain as to the correct — who the creditor is. And in that area, what I see is legislative redundancy. The legislature wants a notice of default to not only be mailed, but to be recorded. It wants a notice of sale to not only be posted, but to be published. So it would want an assignment to not only be recorded by the trustee, but to be recorded by the beneficiary, even if the trustor might know some other way. What we're talking about here are debtor's rights, basically. The fundamental principle in California is that debtor's rights are superior equities that can't be waived. That's what Bank of Italy holds. If a debtor's rights — if debtor's rights can't be waived, then waivers in mortgage documents won't work. And waivers outside of mortgage documents, by calling a document a deed of trust instead, shouldn't work either. We'll be back to pre-Bank of Italy and two sets of rules. Counsel, you have only a minute left, if you'd like to save it for later. I will. Thank you, Your Honor. Good morning, Your Honors. Jan Chilton for Bank of America. I'd like to start out by addressing a subject that was not addressed, I believe, in the briefs. It's the answer to the practical significance question, I think. If we — if this Court were to hold for the plaintiffs, it would, in the stroke of a pen, undo more titles in California than any court anywhere has ever done. As you know, there have been tens of thousands of foreclosure sales in the last five years. It is also true that in almost all of those cases, the foreclosing lender was not the originating lender, but an assinee. And it is also true that in almost all of those cases, the assignment was recorded in exactly the way it was recorded in this case, if at all, after the sale occurred. Professor Bernhard argues that every one of those sales is void, not voidable, void. No one — Well, that might be the better policy. I mean, but that isn't really the question before us. Well, I'm just urging a little bit of caution on the Court. I agree with Your Honor that the technical legal question before you is, do you have convincing evidence that the California Supreme Court would disagree with Calvo? That's the technical legal question. Well, what is the — Mr. Bernhard talked about redundancy, suggesting that there was some notice here, and I gather it's direct notice to the debtor. Is that right? Is there direct notice to the debtor? Yes. There's direct notice to the debtor, first of all, of who the loan servicer is. Under RESPA, when the loan servicer changes, both a goodbye notice from the old loan servicer and a hello notice from the new loan servicer have to be sent to the borrower. The loan servicer is the one who takes care of any payments or loan modifications. It's not the lender, the owner of the loan. So the borrower is fully informed by those means whom to contact if he or she wishes to pay or to get a loan modification. Here, Mr. Caballero made no effort to do any of those things. Of course, he just didn't pay and got foreclosed. For him, there's no significance whatsoever as to who owns his loan. He was going to be foreclosed out no matter what, whether there was good, fancy — Well, the foreclosure still has to be done properly under statutory requirements, whether it's deserved or undeserved. So that kind of begs the question. Well, it answers one question, which is practical significance. It doesn't answer legalities. You're quite right. Both are important, but they're important in different ways. Calvo tells us what the legalities are. It's perfectly legal to foreclose without having recorded an assignment of the beneficial interest. And there's a — first of all, that's been the law in California since 1908, as Calvo points out. It is ingrained in California law, and nothing in the century since then has changed anything in that respect. Professor — I'm sorry. A simpler answer to this case is a consequence, which is there is a California Supreme Court case, even though it's from 1908, and that's the end of the story? Because there's — No, no, no, no, no. The 1908 case was a court of appeal decision, Your Honor. Oh, that's right. Okay. Sorry. Yeah. That would be great. I — No, no, no. I would be here. I've forgotten. Okay. Professor Bernhardt says that the answer is to be found, or the evidence, convincing evidence of disagreement is to be found in Bentley. But Calvo discussed Bentley and showed why that isn't so. Bentley said that, yes, for debtor protection purposes, we're going to look at the function of the instrument, see that it's an encumbrance, a lien rather than a true conveyance of property. But here the function is one of title, conveying title to the purchaser at a foreclosure sale. And for purposes of that function, it is critical that we're dealing with a deed of trust and not a mortgage. But I gather that there is case law that says that if the debtor has an arrangement — arranges with the bank to pay the foreclosure, to pay the outstanding debt, and the — but the trustee goes ahead with the sale, that's not good title. That is true. That's the — So there is a gap there. La Jolla case, I believe. Right. La Jolla v. Bank of America. So there is a gap. In other words, the — the apparent conveyance of the title isn't controlling. Well, that's not a gap in title. That is a — Invalid title. It's a title that the person who thinks they got it didn't get. That's true. But there are other kinds of invalidity of title documents. One could be forged, for example. I mean, there are all kinds of things that can happen to make a conveyance that's not necessarily recorded an invalid conveyance. This one's invalid precisely because the trustee can't do something that the beneficiary isn't entitled to do, right? The — well, wait a minute. In La Jolla, the problem was that the borrower was not in default. He was not in default because he'd reached an agreement with Bank of America, the lender, that if he made certain payments, he wouldn't be treated as in default. Now, that's an agreement that could be — And there should have been a directive to the trustee, but there wasn't one. Right. Now, ask yourself, would recordation of an assignment of the beneficial interest to Bank of America have cured that problem? No, it wouldn't. Nothing about the assignment to Bank of America would have indicated whether Bank of America agreed with the borrower that he could modify the loan and would not be in default if he made the payments. That's not a gap in title. What's a gap in title is a conveyance from A to B and then a conveyance from C to D without any link between B and C. That's what these statutes are all about. And here, with a deed of trust, there is no gap in title so long as every substitution of trustee is recorded. The conveyance goes from A, the borrower, to the trustee, from trustee A to every successor trustee whose substitution is recorded, and from the last trustee, substituted trustee, to the buyer at the foreclosure sale. And that brings me to another point that Professor Bernhardt argues in his brief, which is the... I can't remember the name of the case. I'm sorry. There's a Supreme... There's a case that talks about the beneficiary invoking the power of sale. And from there, Professor Bernhardt leaps to the proposition that it's really the beneficiary who exercises the proposition, the power of sale, rather than the trustee. And that's just wrong. I can invoke the district court's equity power by filing a complaint. The district court can't do it on its own. It can't grant me equity relief unless I ask it to. But do I exercise the equity jurisdiction of the district court? Of course not. It's the same thing with the beneficiary and the trustee. So I think your argument is all the beneficiary can do is direct or inform the trustee that the debtor is in breach of the underlying loan. And on that act, the trustee is obligated to foreclose. Well, the one more thing that the beneficiary says, please foreclose. Right. I mean, debtor can be in... If you notice that the debtor is in default and requests to commence foreclosure. Exactly. And that's all the power that a beneficiary has. The beneficiary can't exercise the power of sale. And most particularly, the beneficiary can't execute the trustee's deed. That's why it's called the trustee's deed, for one reason. I'm not sure the beneficiary can't insist. I mean, my understanding is the trustees are complete figureheads under the California system, in fact. And that the Bank of Italy case and the Monterey case and so on recognize that. And there's some phrase in one of the cases that says, you know, this trustee is not really a trustee. Well, it is true that trustees of deeds of trust are viewed as agents, not true fiduciaries. And it is true that they have relatively few functions. But the point here is that the function that they do have is precisely the one at issue in this case. And if the Bank of America tells a trustee to foreclose and they didn't, they just fire that guy and hire another one in the next five minutes. That's true. And the new one would make the deed of trust, not Bank of America. And that makes all the difference because we're talking about chain of title, recorded title from A to B to C. And Bank of America or whoever the beneficiary is will never appear or necessarily appear on the chain of title and will never, ever under any circumstances convey title. That is why, to get back to the phrasing of the statute at issue 2932.5 says, where the The power of sale is given to the person who executes the deed after a foreclosure sale. And the whole purpose of the statute, like the substitution of trustees statute 2934A, is to make sure that the person who executes that deed is of record. That's what the Stockwell case held in 1908. That's what Calvo held just last year. That's why the Supreme Court of California denied review. It's clearly correct. It seems to me the Supreme Court denied review because the petition was very confusing and confused. Well, I can't respond to that, Your Honor. I didn't read it myself. I really think I've covered everything that I had to say, unless you have questions. I don't believe we have any more. Thank you very much. Mr. Bernhardt, you have one minute. Thank you, Your Honor. I'll try to make the four points I have within that one minute. The 1908 case that the Court has referred to is the Court of Appeal decision in Stockwell v. Barnum that did say that this section did not apply to a deed of trust because it used the word mortgage. That was a pre-Bank of Italy decision. And as the Supreme Court said in Monterey Partnership 50 years after that, pre-Bank of Italy decisions on the distinction of mortgages and deeds of trust are obsolete and reversed cases that have those type of decisions. It is too bad that Calvo decided to rely on that kind of obsolete case. The policy, I don't think this Court should make itself into a State Court of Appeal and decide what is the legislative policy behind 2932.5. That's not the question for you, whether or not the policy is to avoid gaps or notify trustors. The question for you is to decide how the California Supreme Court would treat a statute that refers to mortgagee and ask whether or not it also applies to beneficiaries of deeds of trust. Every time that the high court has been asked that question, it has answered it one way. Mortgages and deeds of trust are the same thing, and you don't avoid the rules by changing the legislation. Do you know whether there have been any other petitions other than in Calvo to the California Supreme Court? I don't. Co-counsel was more informed on that than I. Thank you, counsel. You've exceeded your time, but we appreciate the arguments of both parties in this very interesting case, which is now submitted.
judges: Graber, Berzon, Tallman